IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KENNETH C. HENDEE, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:15-cv-00492-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Kenneth Hendee, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of his Complaint, Plaintiff argues the ALJ 1) erred by not developing the record and providing a more full discussion of his medical records; 2) failed in determining Plaintiff's mental impairments were not "severe"; and 3) erred in his residual functional capacity assessment. (Doc. No. 12 at 8-19.) I have carefully considered Plaintiff's arguments. His counsel has done an admirable job of putting forth the strongest case possible. But the real question before me is whether the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. Given a close review of the evidence in this case, I find the ALJ's decision is supported by substantial evidence.

Plaintiff bore the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and he has not met this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The evaluations by specialists David M. Arnold, M.D., Richard McCarthy, M.D., and Jason E. Tullis, M.D., support the ALJ's assessment that Plaintiff is capable of performing a reduced range of light work. (Tr. 208-213, 262-263, 270-271) Plaintiff's claim of complete disability also fails

when matched up against the other physical and mental[1] examinations. (Tr. 247-251, 272-78, 284-88) The diagnostic tests support the ALJ's conclusion (Tr. 268-269), and Plaintiff's activities of daily living also support a conclusion that Plaintiff's mental impairments are not "severe."

I realize Plaintiff suffers from some degree of pain and limitation. But he appears capable of participating in the workforce despite his impairments. Plaintiff has engaged in at least part-time work, earned a GED, and had been attending college full time. (Tr. 43-45) He is very young and is commended for pursuing his education in computer systems. Realizing this opinion is not in his favor, it is my hope he will continue on this positive path and will pursue a career he finds rewarding.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 12th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Mental Diagnostic Evaluation by Terry Efird, Ph.D., and Rehabilitation Assessment performed by Amy D. Lamb, M.S., support the ALJ's assessment that his mental impairments were not "severe."